Eversheds Sutherland (US) LLP
999 Peachtree St., N.E., Suite 2300
Atlanta, GA  30309-3996

D: +1 404.853.8122
F: +1 404.853.8806

jimmcgibbon@
eversheds-sutherland.com

March 31, 2020

Application DENIED without prejudice. All discovery is stayed pending further Order of this Court.

**Via ECF Filing**
Honorable P. Kevin Castel
United States Courthouse
500 Pearl Street, Courtroom 11D
New York, New York 10007

SO ORDERED.
March 31, 2020

*[signature]*
P. Kevin Castel
United States District Judge

    Re:    *Kid Car NY, LLC v. Kidmoto Technologies LLC and Nelson Nigel*
           Case Number:  1:19-cv-07929-PKC

Dear Judge Castel:

    We write on behalf of Plaintiff Kid Car NY, LLC ("Kid Car") in the above styled action, pursuant to Your Honor's Individual Practices § 3(B) and Local Civil Rule 37.2 to request a discovery conference with the Court to resolve a discovery dispute between Kid Car and the Defendants. As represented in the accompanying Certification, we have met and conferred in a good-faith attempt to resolve the parties' disputes, but most of the issues, discussed below remain unresolved.

    By way of background, Kid Car has sued Defendants for unfair competition arising primarily out of trademark infringement under state and federal law. Defendants repeatedly used the "KID CAR" trademark in web-based advertisements and web postings in an effort to deceive consumers into thinking they were accessing Kid Car's web site and signing up for its service. Kid Car also asserts a claim for copyright infringement based on the Defendants having copied virtually in full the text Kid Car's "app" for customer reservation and dispatch system, and several other claims.

    This dispute relates to the Defendants refusal to provide relevant documents in response to Plaintiffs First Requests for Production of Documents (the "First Requests"), which were duly served on Defendants on December 30, 2019. These requests primarily sought documents in two broad categories. The first category of documents sought relate to the ads that Defendants posted on Google and the reports that Google sends or makes available to advertisers reflecting the success of such ads in terms of views, clicks through to the advertiser's web site and a limited set of "conversions" of such ads into business. The second category is comprised largely of records of app downloads and financial statements necessary to show profits earned from Defendants' infringement, as well as damages suffered – in each case available remedies under relevant statutes.

    On February 3, 2020, Defendants duly served their Responses to Plaintiff's First Requests for Documents (the "Response") stating virtually blanket objections. With the exception of a request for all documents evidencing communications between the parties

(Request No. 10), and a tiny subset of documents in response to Request No. 9 (which category Defendants have elsewhere denied exist), Defendants objected to the provision of *any* of the documents sought in the First Request.

The central objection is stated as follows: "Defendants object to this request pending a forthcoming motion for judgment on the pleadings…." stating broadly that the complaint fails to show entitlement to either trademark or copyright protections. In other words, Defendants essentially seek a stay of production until its motion has been resolved. The Defendants did not even serve their pre-motion letter relating to this Motion for Judgment on the Pleadings until March 10, 2020, and it will not be resolved for some time. Since Kid Car needs the relevant documents both as evidence and as a basis for depositions and other further discovery, this objection amounts to claimed unilateral stay (without motion) of all discovery by the Plaintiff only until after the period for fact discovery has expired. These grounds are specious. No stay has been entered in this proceeding, and the Defendants are not entitled to refuse to respond to recovery on the grounds of a pending motion. *See Envirosource, Inc. v. Horsehead Res. Dev. Co.*, No. 95CIV.5106(AGS)(SEG), 1996 WL 399823, at *1 (S.D.N.Y. July 17, 1996) (noting pending motion to dismiss and sensitive nature of data did not give defendant right to "grant[] itself a unilateral stay") *Kirschner v. J.P. Morgan Chase Bank*, N.A., No. 17CIV6334PGGSLC, 2020 WL 230183, at *2 (S.D.N.Y. Jan. 15, 2020) ("A motion to dismiss does not automatically stay discovery."); *Funai Elec. Co. v. Orion Elec. Co.*, No. 01CIV.3501(AGS)(JCF), 2002 WL 1808419, at *12 (S.D.N.Y. Aug. 7, 2002) (same).

The Defendants further object generally to most requests on the grounds that the requested documents will reveal information that is competitively sensitive. The parties are in the process of negotiating a Protective Order that should fully resolve such objections. (Unfortunately, the parties also have disputes over the terms of the Protective Order which likely will have to be presented to the Court as well).

Note that the First Request included certain definitions that may be relevant, and the Response seeks to incorporate certain "General Objections."[1]

## REQUESTS AT ISSUE

**REQUEST NO. 1:** Copies of all Subject Ads and Postings, including Subject Google Ads and such documents as will show during what time periods the Subject Ads and Postings were run or posted. If copies of such Subject Ads or Postings are not available, provide such documents as will disclose the text thereof.

**RESPONSE:** In addition to the General Objections set forth above, Defendants object to this request pending a forthcoming motion for judgment on the pleadings, as

---

[1] The relevant definitions from Kid Car's First Requests are attached as Exhibit A. The "General Objections" from Defendants' Responses to Kid Car's First Requests are attached as Exhibit B.

Plaintiff has failed to identify any part of the Kid Car NY, LLC name subject to trademark. Defendants further object to this request as overly broad and harassing in that it seeks information without regard to its potential relevance to any issue in this action, specifically ads and postings outside of the New York area where Kid Car NY, LLC operates, which may reveal competitive advantages, strategies or other information unrelated to this action, and because the request is generally overly broad and harassing. Defendants further object to this request to the extent it seeks information not relevant to the subject matter in this action, including the claim or defense of any party in this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence.

*Grounds for Motion as to Request No. 1:* By way of explanation, the term "Subject Ads and Postings" as defined in the First Request refers to all of the advertisements and web postings by the Defendants that incorporate the specific phrase "kid car" in singular, plural or possessive form. In other words, these are the ads and web postings that Kid Car asserts violate the KID CAR trademark and have misled consumers. Defendants' objections are entirely improper.

- The assertion that the very infringing ads and postings of which Plaintiff complains are not relevant verges on the laughable. The prevalence and durations of such ads and postings and their phraseology are relevant to the willfulness of Defendants' actions in using the KID CAR mark in its ads and postings and constitute a tacit admission by Defendants that the mark had acquired a valuable secondary meaning of which Defendants could take advantage through misleading consumers. These ads and postings and the periods during which they were used are also a starting point for the computation of Defendants' profits from its infringements and Plaintiff's damages as a result of the misleading use of the mark, both of which are available remedies under statute. Finally, even advertisements and postings outside the New York area are subject to discovery to the extent that they could have been and/or were viewed by individuals inquiring about services in New York.

- This request is merely for copies of the ads and postings and such documents that will reveal the periods in which they appear. There is no substantial burden associated with this request.

- As described above, the objection based on Defendants' contemplated motion is not an appropriate grounds to deny discovery.

- The objection based on confidentiality is inappropriate since these were public advertisements and postings. Any concerns will in any event be addressed in a Protective Order.

**REQUEST NO. 2:** Copies of all other ads placed by Defendants on Google during the Relevant Period and such documents as will show during what time periods these ads were run or posted. If copies of such Google ads are not available, provide such documents as will disclose the text thereof.

**RESPONSE:** See Defendants' response to Request No. 1, supra, which is incorporated by reference as if stated fully herein.

***Grounds for Motion as to Request No. 2:***  This Request seeks copies of all non-infringing ads – ads that do not contain the KID CAR trademark. Defendants' objections are again improper:

- The non-infringing ads are relevant for several reasons. They may demonstrate that Defendants (like others providing taxi service with car seats) did not need to use the KID CAR mark in their advertising. Also, a comparison of the responses to the non-infringing ads to infringing ads may help show the secondary meaning that the KID CAR mark has obtained as well as the profits earned by Defendants and the damages suffered by Plaintiff.

- This request is merely for copies of the ads and postings and such documents that will reveal the periods in which they appear. There is no substantial burden associated with this request.

- As described above, the objection based on Defendants' contemplated motion is not an appropriate grounds to deny discovery.

- The objection based on confidentiality is inappropriate since these were public advertisements and postings. Any concerns will in any event be addressed in a Protective Order.

## REQUESTS NOS. 3 TO 5.

**REQUEST NO. 3:** All monthly or other report or document prepared or sent by Google to Defendants during the Relevant Period that show impressions, clicks, click-through rate, or costs for any Subject Google Ad.

**RESPONSE:** See Defendants' response to Request No. 1, supra, which is incorporated by reference as if stated fully herein.

**REQUEST NO. 4:** All monthly or other report or document prepared or sent by Google to Defendants or accessible by Defendants from Google that show impressions, clicks, click- through rate or costs for any other advertising by Defendants on Google during the Relevant Period.

**RESPONSE:** See Defendants' response to Request No. 1, supra, which is incorporated by reference as if stated fully herein.

**REQUEST NO. 5:** All monthly or other report or document prepared or sent to Defendants or accessible by Defendants that show impressions, clicks, click-through rate or costs for any other Subject Act or Posting.

**RESPONSE:** See Defendants' response to Request No. 1, supra, which is incorporated by reference as if stated fully herein

***Grounds for Motion as to Requests Nos. 3, 4 and 5:***  Requests 3 and 4 seek copies of all Google reports provided to or accessible by Defendants that measure the performance in terms of views, clicks and some resulting downloads of particular ads that respectively do and do not infringe on the KID CAR trademark.  These reports also contain information with respect to the number of times that customers may have searched the web using the "KID CAR mark, with and without accompanying words, as well as information that would contrast the searches for "Kidmoto."  Request 5 seeks any similar reports that may have been provided to Defendants with respect to its other, non-Google Ad, advertising using the "KID CAR" mark.

- Such comparative information may be relevant to secondary meaning relating to the KID CAR mark. It is also relevant to the computation of the profits that Defendants may have earned from the use of the KID CAR mark as compared with other advertising and similarly to the damages suffered by Plaintiff as a result of such infringement.

- As described above, the objections based on Defendants' contemplated motion is not an appropriate grounds to deny discovery.

- The objections based on confidentiality will be fully addressed by the entry of an appropriate Protective Order.

## **REQUESTS NOS. 6 TO 9.**

**REQUEST NO. 6:**  Such reports or other Documents prepared or sent by EverTransit to Defendants or accessible by Defendants from EverTransit as are sufficient to show the monthly downloads of the Kidmoto App for each month during the Relevant Period. (Defendants may for the time being redact the identity of the customers listed on such report before they are produced.)

**RESPONSE:** In addition to the General Objections set forth above, Defendants object to this request pending a forthcoming motion for judgment on the pleadings, as Plaintiff has failed to identify any part of the Kid Car NY, LLC App subject to copyright.

**REQUEST NO. 7.**  All income statements, balance sheets, cash flow reports or other financial statements of either or both Defendants or concerning Kidmoto Service prepared during the Relevant Period that record monthly, quarterly or annual revenues, costs, profits, cash flows, assets or liabilities of Defendants, whether or not such financial statements are audited (such Documents being referred to herein as "Defendant Financial Statements").

**RESPONSE:** In addition to the General Objections set forth above, Defendants object to this request as overly broad and harassing in that it seeks information without regard to its potential relevance to any issue in this action, specifically "[a]ll income statements, balance sheets, cash flow reports or other financial statements" that have no identifiable connection to any alleged misconduct in this action, but merely serve to reveal substantial competitive information, including but not limited to EBITDA, gross margins, profit margins, costs, and various other competitive profitability indicators as well as business operations, and because the request is generally overly broad and harassing. Defendants further object to this request to the extent it seeks information not relevant to the subject matter in this action, including the claim or defense of any party in this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 8.** To the extent Defendant Financial Statements do not exist or do not collectively record accurate monthly, quarterly and annual revenues, costs, profits, cash flows, assets and liabilities of Defendants or concerning the Kidmoto Service, such additional Documents as may be necessary to adequately report or record such information.

**RESPONSE:** See Defendants' response to Request No. 7, supra, which is incorporated by reference as if stated fully herein.

**REQUEST NO. 9:** Such documents that will show the revenues of Kidmoto attributable to rides in which Defendant Nelson Nigel was the driver, and such documents as will show all forms of compensation paid to or received by Nelson Nigel from Defendant Kidmoto, or directly from any rider concerning the Kidmoto Service.

**RESPONSE:** In addition to the General Objections set forth above, Defendants object to this request as overly broad and harassing in that it seeks information without regard to its potential relevance to any issue in this action, specifically revenues that have no identifiable connection to any alleged misconduct in this action, and because the request is generally overly broad and harassing. Defendants further object to this request as overly broad, unduly burdensome and harassing, to the extent that it requires Defendants to segregate revenues based upon drivers or reverse-engineer the source of any compensation, as such a request is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Defendants further object to this request to the extent it seeks information not relevant to the subject matter in this action, including the claim or defense of any party in this litigation, and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing Specific Objections and General Objections set forth above, Defendants state that they will produce non-privileged

documents concerning any revenues or compensation related to Kidmoto rides using Kid Car car seats.

***Grounds for Motion as to Requests Nos. 6-9:*** Requests Nos. 6-9 relate to financial information necessary to the determination of profits earned by Defendants and damages suffered by Plaintiff as a result of infringements.

- These damages are relevant to determine the profits earned by Defendants based their infringement of the KID CAR trademark on the use of the Kid Car App as well as the damages suffered by Plaintiff:
  - **Request No. 6** relates to the numbers of downloads of Kidmoto's app during various periods – and may be used to compare responses to infringing and non-infringing ads. Also, the number of downloads can be linked to the value of past and future business resulting from such downloads. The timing of these downloads is of particular relevance to the trademark claims, since downloads in response to infringing ads can be compared to periods of non-infringement. These reports are fully available to Defendants and can be provided easily.
  - **Request No. 7** seek financial statements, from which Kid Moto's profits can be determined. Financial statements other than income statements allow for determination of anomalies that may be relevant to the determination of true profits.
  - **Request No. 8** comes into play only if there are not available financial statements and would require the production of such documents as would be necessary to compute profits.
  - **Request No. 9** relates to the profits specifically earned by Defendant Nelson Nigel, as well and will also address any artificial suppression of profits to Defendant Kidmoto, LLC as a result of compensation paid to its sole or substantial owner.
- With the possible exception of Request No. 8, which will not even by triggered if Defendants have financial statements, there is no significant burden associated with these requests, all of which are narrowly tailored to the need.
- As described above, the objections based on Defendants' contemplated motion is not an appropriate grounds to deny discovery.
- The objections based on confidentiality will be fully addressed by the entry of an appropriate Protective Order.

There is no pending issue with respect to the remaining to requests. Defendants have agreed to provide all documents evidencing communications between the parties in Request No. 10, and Plaintiff voluntarily withdraws Request No. 11, which asked for all documents referring to Plaintiff.

For the foregoing reasons, Plaintiff respectfully requests a discovery conference to resolve these discovery disputes.

        Sincerely,

        */s/ James R. McGibbon*
        Ronald W. Zdrojeski
        James R. McGibbon
        Alexander Fuchs
        **Eversheds Sutherland (US) LLP**

JRM/ks
Enclosures
cc: John H. Ray, III (via ECF only)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
:
KID CAR NY, LLC,  :  Index No. 1:19-cv-07929
:
          *Plaintiff*,  :
:
  - against -  :
:
KIDMOTO TECHNOLOGIES LLC and  :
NELSON NIGEL,  :
:
          *Defendants*.  :
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

## CERTIFICATION

I hereby certify, pursuant to Rule 37(a)(1) of the Federal Rules of Civil Procedure, and Your Honor's Individual Practice Rules § 3(B), that on February 28, 2020 and March 6, 2020, I and Alexander P. Fuchs from my firm on behalf of Plaintiff Kid Car NY, LLC ("Kid Car"), met and conferred by telephone with John H. Ray, III of Ray & Counsel, P.C. on behalf of the Defendants Kidmoto Technologies LLC and Nelson Nigel ("Defendants"). During that meet-and-confer the parties discussed Defendants' objections to Kid Car's First Requests for Production numbers 1 through 9, and Defendants' refusal to produce documents based on this objections, but could not come to a resolution.

Dated: March 31, 2020

                                            Respectfully submitted,

                                            **EVERSHEDS SUTHERLAND (US) LLP**

                        By:    s/ James R. McGibbon
                                James R. McGibbon
                                999 Peachtree Street, NE, Suite 2300
                                Atlanta, GA 30309
                                Telephone:  (404) 853-8122

Facsimile: (404) 853-8806
jimmcgibbon@eversheds-sutherland.com

Ronald W. Zdrojeski
Alexander P. Fuchs
1114 Avenue of Americas, 40th Floor
New York, New York 10036
Telephone: (212) 389-5000
Facsimile: (212) 389-5099
ronzdrojeski@eversheds-sutherland.com
alexfuchs@eversheds-sutherland.com

**Attorneys for Plaintiff Kid Car NY, LLC**

*EXHIBIT A*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KID CAR NY, LLC,<br><br>      Plaintiff,<br><br>KIDMOTO TECHNOLOGIES LLC and<br>NELSON NIGEL,<br><br>      Defendants. | Case No.: 1:19-cv-07929-PKC |

**PLAINTIFF KID CAR NY, LLC'S FIRST SET OF REQUESTS
FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Kid Car NY, LLC ("Kid Car" or "Plaintiff"), requests that Defendants Kidmoto Technologies LLC ("Kidmoto") and Nelson Nigel (collectively, "Defendants"), respond to the following First Set of Requests for Production of Documents within thirty (30) days after service of the same.

**DEFINITIONS**

1. The definitions and rules of construction stated in Local Rule of the Southern District of New York 26.3 are incorporated herein to the broadest extent permissible under the rule, except to the extent inconsistent herewith.

2. The terms used in these requests for production shall be given their most expansive and inclusive meanings so as to bring within the scope of the requests all documents that might otherwise be construed as beyond their scope.

3. References to employees, officer, directors, or agents shall include both current and former holders of those titles or positions.

4. "Defendants" refers to any or all of Defendants Nelson Nigel and Kidmoto Technologies LLC, along with any of its agents, subsidiaries, related entities, affiliated

companies, predecessors, successors, assigns, officers, employees, representatives (in their individual or representative capacities), affiliates of any kind or nature, or any person or entity acting on its behalf.

5. "Plaintiff" refers to Plaintiff Kid Car NY, LLC, along with any of its agents, subsidiaries, related entities, affiliated companies, predecessors, successors, assigns, officers, employees, representatives (in their individual or representative capacities), affiliates of any kind or nature, or any person or entity acting on its behalf.

6. The term "you" or "your" refers to Defendant herein, along with all others persons or entities acting or purporting to act on Defendants' behalf, including agents and employees.

7. "Document" and "Documents" means the original and all copies and prior drafts or any information in any written, recorded or graphic form, including but not limited to, memoranda, catalogs and summaries of information or data, whether typed, handwritten, printed, recorded, in electronic format, or otherwise produced or reproduced, and includes all photographs, microfilm, microfiche, or other reproduction thereof, including but not limited to each and every note, memorandum, letter, electronic mail, text message, instant message, publication, circular, release, article, report, book, record financial statement, computer disc, list, index, account book, draft, summary, diary, transcript, agreement, calendar, graph, receipt, chart, business record, insurance policy, videotape, cassette tape, or film.

8. "Person" means or refers to any natural person, corporation, partnership, association, organization, joint venture, or other entity of any type.

9. "Communication" means any writing or oral conversation of any kind, including, but not limited to, personal conversations, telephone conversations, letters, meetings, interviews,

conferences, memoranda, e-mails, text messages, instant messages, voicemails, notes or other transmittals of information, including any documents transmitting information from one person to another.

10. The terms "and" and "or" are both used in the inclusive sense, and both require all documents that meet the description of one or more of the disjunctive words or phrases. Words stated in the singular should be construed to include the plural and vice versa.

11. The term "Relevant Period" as used herein shall mean the period commencing on July 1, 2015 and ending at the date hereof.

12. The term "Subject Terms" as used herein shall mean the word "kid" or "kids" (whether or not capitalized and including possessive forms) followed immediately by the words "car" or "cars" (whether or not capitalized).

13. The Term "Subject Google Ads" as used herein shall mean all advertising on Google that contains the Subject Terms that were in existence at any time during the Relevant Period that were, in whole or in part, written by, paid for, or posted by or at the direction or request of Defendants.

14. The term "Subject Ads and Postings," as used herein shall mean any and all of the categories of Documents listed below that (i) contain any of the Subject Terms; (ii) were in existence at any time during the Relevant Period; and (iii) were, in whole or in part, written by, paid for, or posted by or at the direction or request of Defendants:

    a. All Subject Google Ads (as defined above).

    b. All Documents posted or included on any web site on the Internet, social media, or any app. Such Documents shall include but not be limited to those posted or

included on Google, Facebook, You-Tube, Pinterest, Twitter, Reddit, WhatsApp, Instagram or Plurk or on Kidmoto's own web site.

c. All media advertising including but not limited to radio, TV, cable, streaming media, and print advertising.

d. All purported consumer reviews concerning Plaintiff Kid Car or concerning the services offered by Kid Car that were adverse or critical in whole or in part, including reviews posted on the Internet or on social media, including but not limited to Google, Yelp, Trip Advisor, and Facebook.

15. The term "Kidmoto Service" as used herein shall mean the taxi or car service offered by Defendants that feature the transport of children.

16. The "Kidmoto App" shall means any app used by Defendants or its drivers or customers at any time during the Relevant Period by which customers can procure or pay for Kidmoto Service.

17. The term "EverTransit" shall refer to and include EverTransit LLC, along with any of its agents, subsidiaries, related entities, affiliated companies, predecessors, successors, assigns, officers, employees, representatives (in their individual or representative capacities), affiliates of any kind or nature, or any person or entity acting on its behalf.

*EXHIBIT B*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____
                                            )
KID CAR NY, LLC,                            )
                                            )
            Plaintiff,                      )
                                            )
      v.                                    )
                                            )   No. 19-CV-07929-PKC-DCF
KIDMOTO TECHNOLOGIES LLC and NELSON         )
NIGEL,                                      )
                                            )
            Defendants.                     )
_____)

### DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendants Kidmoto Technologies LLC ("Kidmoto" or the "Company") and Nelson Nigel ("Nigel," and collectively, "Defendants"), hereby respond to plaintiff Kid Car NY, LLC's ("Kid Car" or "Plaintiff") First Set of Requests for Production of Documents ("Request") as follows:

### GENERAL OBJECTIONS

1.      Defendants provide this response without waiver of or prejudice to their right, at any later time, to raise objections to: (a) the relevance, materiality, or admissibility of (i) the Request or any part thereof, (ii) statements made in this response to the Request or any part thereof, or (iii) any document produced pursuant to this response; or (b) any further demand for discovery involving or relating to the matters raised in the Request.

2.      Defendants will produce responsive, non-privileged documents and/or make them available for inspection and designation or copying at a mutually agreeable time and location.

3.      Defendants object to the Request to the extent that it demands production of any document covered by the attorney-client privilege and work product doctrine, third-party confidentiality agreements or protective orders, or any other applicable privilege, immunity or protection.  In the event that any document subject to a privilege, immunity or protection is produced by Defendants, its production is inadvertent and does not constitute a waiver of any privilege, immunity or protection.

4.      Defendants object to the Request to the extent that it seeks documents beyond that proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

5.      Defendants object to the Request to the extent that it calls upon Defendants for, and/or to reveal, legal conclusions to the Plaintiff.  Defendants' responses shall not be deemed to

constitute admissions (i) that any particular document or thing exists, is relevant, or admissible in evidence, or (ii) that any statement or characterization in the Request is accurate or complete.

6. Defendants have not yet completed their investigation and discovery related to this case. The specific responses set forth below and any production made pursuant to the responses are based upon, and necessarily limited by, information now available to Defendants after having made a diligent search, within the time to do so, of any files in their possession, custody, or control that they believe reasonably relate to one or more of the specific requests. Defendants reserve the right, at any time, to revise, correct, supplement, modify or clarify the specific responses set forth below and any production made pursuant thereto. By this reservation, however, Defendants do not assume a continuing responsibility to update their responses beyond the requirements of the Federal Rules of Civil Procedure and the local rules of this Court, and Defendants object to the Request to the extent it seeks to impose any such continuing obligation.

7. In the responses that follow, a statement that responsive, non-privileged documents will be produced does not mean that: (a) any documents exist; (b) they are in the Defendants' possession, custody, or control; or (c) that Defendants undertake to produce documents beyond that proportional to the needs of the case.

8. Defendants undertake to answer the Request only to the extent required by the Federal Rules of Civil Procedure, the local rules of the Court, and other applicable law (collectively, "Rules"), and Defendants object to the Request to the extent that it purports to exceed, expand upon or conflict with those Rules, in particular Local Rule 26.3 concerning the scope of definitions.

9. Defendants object to each of the requests to the extent that they call for information (i) generated by Defendants after this action was filed or (ii) pertaining to any time outside of the period applicable to any of the claims, because the requests are to this extent overly broad and unduly burdensome, and seek information that is not relevant to the subject matter in the pending action, including the claim or defense of any party in this litigation, and not reasonably calculated to lead to the discovery of admissible evidence.

10. Defendants object to the Request as unduly burdensome to the extent that it seeks documents that are available, in a way that would be less burdensome or expensive, from a public source or some other source available to the Plaintiff, or more appropriately developed through the retention of an expert witness or deposition.

11. Defendants object to the Request to the extent that it purports to require them to search through an unduly large number of documents or to search for documents that are not accessible, available or locatable without imposing an undue burden upon Defendants. Defendants will conduct a reasonable search of their files where responsive, non-privileged documents are reasonably believed to be located.

12. Defendants object to the Request to the extent it seeks private or confidential commercial information, and will not produce documents containing private or confidential information except on the terms stated herein, properly redacted, and subject to the agreement to abide by the designations of the documents produced or the entry of an appropriate confidentiality agreement and protective order between the parties. Defendants' production and responses to the Request are supplied for use in this litigation and for no other purpose.

13. Defendants object to the Request to the extent that it is vague, ambiguous, indefinite and/or fails to describe the categories of documents to be produced with reasonable particularity, and to the extent that it employs terms or definitions that render the Request vague

or ambiguous. Except as otherwise stated, Defendants will interpret any such term based on their understanding of the term's ordinary and common usage.

14. Defendants object to the Request as overly broad and harassing in that it seeks information without regard to its potential relevance to any issue in this action, to the extent that it seeks "all" documents or communications that merely concern or otherwise relate to a particular and discrete issue or information, particularly where documents sufficient to constitute or identify that issue or information are sufficient. In every such instance, in producing responsive, non-privileged documents, Defendants will only produce documents sufficient to constitute or identify the issue or information requested.

15. Defendants expressly incorporate these General Objections into each specific response to the requests set forth below as if set forth in fully therein. These General Objections form a part of the response to each and every request and are set forth here to avoid the unnecessary duplication and repetition that would result from restating them for each response below. The response to a request shall not operate as a waiver of any applicable specific or general objection to a request.